IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

_____

WILLIE POPE, #118 025,                             *

    Plaintiff,                                      *

       v.                                              *        2:09-CV-12-TMH
                                                                                (WO)

STEVE MCGILL, *et al.*,                            *

    Defendants.                                    *

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

On February 13, 2009 the court entered an order granting Plaintiff fourteen (14) days to file a further amendment to his complaint with regard to the date(s) made the subject matter of this action. Specifically, in order to proceed further with his complaint, Plaintiff was advised that he must seek to challenge conduct or actions which occurred not more than two years prior to the filing date of the instant action, *i.e.,* January 5, 2009.[1] (*See Doc. No. 11.*) The requisite time has passed and Plaintiff has not complied with the order of the court. Consequently, the court concludes that dismissal of this case is appropriate for Plaintiff's failures to prosecute this action and comply with the orders of the court.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case

---

[1] In his amended complaint filed February 11, 2009 Plaintiff indicated that the actions about which he complained in the instant proceeding occurred on May 8, 2000. (*Doc. No. 9*.) The court, in its February 13, 2009 order directing Plaintiff to further amend his complaint, informed Plaintiff that challenges to Defendants' conduct and/or actions during his parole consideration process which occurred more than two years prior to the filing date of this complaint are barred by the statute of limitations applicable to actions filed by an inmate under 42 U.S.C. § 1983. *See Dukes v. Smitherman*, 32 F.3d 535, 537 (11th Cir. 1994).

be DISMISSED without prejudice for Plaintiff's failures to prosecute this action and comply with the orders of this court.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **March 23, 2009**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 9th day of March 2009.

    /s/   Wallace Capel, JR.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE